UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SEA HUNTERS, LP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Docket no. 08-cv-272-P-S |
| | ) |
| THE UNIDENTIFIED, WRECKED & | ) |
| ABANDONED VESSEL, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR PRELIMINARY INJUNCTION**

Before the Court is Plaintiff's Motion for Preliminary Injunction (Docket # 12). As explained herein, the Motion is DENIED WITHOUT PREJUDICE. In short, the Court does not believe that its current constructive *in rem* jurisdiction provides the jurisdiction necessary for the wide-ranging injunctive relief requested in the pending motion. See <u>R.M.S. Titanic v. Haver</u>, 171 F.3d 943, 957 (4th Cir. 1999) ("[I]njunctive relief ordered in an *in rem* action would be meaningless because things or property cannot be enjoined to do anything."); <u>Weeks Marine, Inc. v. Cargo of Scrap Metal</u>, -- F. Supp. 2d ---, 2008 WL 2955874 at *2 (D. Conn. July 31, 2008).[1] Moreover, given the rulings to date it appears that Sea Hunters has secured its status as salvor-in-possession. Thus, it is not clear that a preliminary injunction is necessary to prevent irreparable harm at this time. Of course, the Court is willing to reconsider the need for injunctive relief if or when Sea Hunters encounters interference with its salvage operations by persons who are subject to the jurisdiction of this Court.

---

[1] To the extent that the Court reads Plaintiff's Motion as seeking injunctive relief based, in part or in the alternative, on its "finder-in-possession" status, the Court does not believe that the law of finds allows for the type of injunctive relief sought by Plaintiff. See <u>R.M.S. Titanic v. the Wrecked & Abandoned Vessel</u>, 435 F.3d 521, 535 (4th Cir. 2006) ("A finder cannot exclude others from their attempts to obtain first possession of artifacts recovered from an abandoned wreck.")

Having reviewed the entire docket in connection with the pending motion, the Court is hereby ORDERING that the following items currently appearing on the docket be UNSEALED: Motion for Issuance of Warrant for Arrest of Vessel (Docket # 3), Order Issuing Warrant of Arrest and Appointing Substitute Custodian (Docket # 8) and Warrant for Arrest of Vessel (Docket # 10).  In order to ensure compliance with Admiralty Supplemental Rule C(4) and move this case forward in a timely manner, the Court hereby ORDERS that within 30 days of the date of arrest, Plaintiff shall publish a Notice of Action and Arrest in each of the following publications on at least one day: (1) the New York Times, (2) the Boston Globe and (3) the Wall Street Journal.  The Notice of Action and Arrest shall include:

(a) the Court, title and docket number of this action;
(b) the date of arrest;
(c) the identity of the property arrested;
(d) the name, address and telephone number for Plaintiff's counsel;
(e) the name, address and telephone number for the substitute custodian;
(f) a statement that any person asserting any ownership interest in the property or right of possession pursuant to Supplemental Admiralty Rule C(6) must file a statement of such interest with the Clerk as well as serve it on Plaintiff's counsel within 14 calendar days after publication; and
(g) a statement that any person asserting any ownership interest in the property or right of possession must serve an answer within 20 days of filing a statement of interest pursuant to Supplemental Admiralty Rule C(6)(a)(iv).

Plaintiff shall file a copy of the notices as published along with the date of publication as soon as possible and no later than one week after publication.

SO ORDERED.

/s/ George Z. Singal
Chief U.S. District Judge

Dated this 3rd day of September, 2008.