UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SEA HUNTERS, LP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 08-cv-272-P-S |
| | ) |
| THE UNIDENTIFIED, WRECKED & | ) |
| ABANDONED VESSEL, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

Before the Court is Plaintiff's Motion for Default Judgment (Docket # 22). For the reasons briefly explained in this order, the Court DENIES the Motion WITHOUT PREJUDICE.

The initial problem with the Motion for Default Judgment is that the attached Proposed Final Judgment (Docket # 22-2) asks the Court to simultaneously award Plaintiff relief under the law of salvage and the law of finds. While Plaintiff was certainly entitled to plead in the alternative and thereby present claims under both the law of finds and the law of salvage in its Complaint, these remedies are mutually exclusive. See, e.g., R.M.S. Titanic, Inc. v. Wrecked & Abandoned Vessel, 435 F.3d 521, 531 (4th Cir. 2006) ("[T]he law of salvage and the law of finds serve different purposes and promote different behaviors.") (internal quotations omitted). Thus, in seeking a default judgment, Plaintiff must elect between these two alternative remedies.

The Court's research indicates that the law of salvage is the "favor[ed] . . . general rule" in these types of admiralty cases. Thomas J. Schoenbaum & Jessica L. McClellan, Admiralty & Maritime Law § 16-7 (4th ed. 2004 & Supp. 2009); see also R.M.S. Titanic, 435 F.3d at 532 (describing salvage law as "an ancient and time-honored part of the maritime *jus gentium*").

However, the law of salvage would not entitle Plaintiff to be awarded "exclusive title" to the vessel at this time.  (Proposed Final Judgment (Docket # 22-2) at 2.)  Rather, Plaintiff could be granted "the status of exclusive salvor-in-possession over property that has yet to be recovered" and be awarded a lien to compensate them for the incurred costs of the salvage operation.  R.M.S. Titanic, 432 F.3d at 531.  Ultimately, once the salvage was completed and the Court had received an inventory of the items salvaged and an estimate of Plaintiff's expenses, the Court would then be in a position to determine whether there should be an auction of the salvaged items to pay Plaintiff's salvage lien or whether Plaintiff should be awarded title of the salvaged items.  See id. at 534 ("[I]f the value of the property salvaged were insufficient to cover an appropriate salvage award, then the court could, after making appropriate findings, even grant an *in specie* award to the salvor.")  In any event, it would appear to be premature to enter a final judgment on Plaintiff's salvage claim until the salvage operation is complete.

Because Plaintiff's Proposed Final Judgment does seek exclusive title, it is possible that Plaintiff would rather pursue a default judgment under the law of finds.  However, a judgment under the law of finds would not include "the exclusive right to conduct salvage on said Vessel, her tackle, armament, apparel, appurtenances, cargo and property and any other matter or thing found in the vicinity of the Vessel." (Proposed Final Judgment (Docket # 22-2) at 2.)  See R.M.S. Titanic, 435 F.3d at 535 ("A finder cannot exclude others from their attempts to obtain first possession of artifacts recovered from an abandoned wreck.")  In any event, on the current record the Court does not believe there is a sufficient basis for entering a default judgment under the law of finds.[1]

---

[1] Generally, a successful claim under the law of finds requires a showing of "(1) intent to reduce property to possession, (2) actual or constructive possession of the property and (3) that the property is either unowned or abandoned."  R.M.S. Titanic, 435 F.3d at 532 n.3 (citation omitted).  "Abandonment under the law of finds must be shown by clear and convincing evidence." Schoenbaum & McClellan, Admiralty & Maritime Law § 16.7.

Specifically, the Court believes that the current record does not allow the Court to conclude that the presumption against abandonment is overcome.  See R.M.S. Titanic, 435 F.3d at 532.

Additionally, in order for the Court to enter a default judgment in favor of Plaintiff as either a salvor or a finder, Plaintiff would need to provide the Court with a sufficient basis for concluding that the vessel at issue is not subject to either the Abandoned Shipwrecks Act, 43 U.S.C. §§ 2101 et seq., or Title XIV ("Sunken Military Craft") of the Ronald W. Reagan National Defense Authorization Act for Fiscal Year 2005, P.L 108-375, Div. A, Title XIV, §§ 1401-08, 118 Stat. 2094 (2004).  See Fathom Exploration, LLC v. Unidenitified Shipwrecked Vessel or Vessels, 352 F. Supp. 2d 1218, 1222-23, 1228-29 (S.D. Ala. 2005) (discussing the possible impact of both acts on a potential salvage claim).  To date, Plaintiff has provided little-to-no detail in its court filings regarding the identity of the vessel nor any description of who may own the area in which the vessel is located.[2]  Thus, the Court remains concerned that one or both of these statutes may prevent Plaintiff from obtaining a judgment on either of the asserted *in rem* claims against this Vessel.

In short, the Court cannot grant the requested default judgment on the record presented. Plaintiff is, of course, free to re-file a request for default judgment that addresses the concerns laid out in this Order.  For this reason, the Motion for Default Judgment (Docket # 22) is hereby DENIED WITHOUT PREJUDICE.  To the extent that Plaintiff decides not to re-file a motion for default judgment at this time and nonetheless proceeds with its salvage operation, Plaintiff shall file a report on the progress of its salvage operation on or before July 31, 2009.

SO ORDERED.

      /s/ George Z. Singal
      United States District Judge

Dated this 26th day of February, 2009.

---

[2] However, the Court notes that the published notices attached to the Affidavit of Notice by Publication (Docket # 15) all state: "The vessel(s) is believed to be the Port Nicholson, a 20th century British merchant vessel." (Notices of Publication (Docket # 15-2).)

3