UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SEA HUNTERS, LP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket no. 2:08-cv-272-GZS |
| | ) | |
| THE UNIDENTIFIED, WRECKED & ABANDONED VESSEL, | ) ) | |
| | ) | |
| | ) | |
| In Rem Defendant. | ) | |

## AMENDED ORDER APPOINTING SUBSTITUTE CUSTODIAN

On August 25, 2008, the Court appointed Plaintiff Sea Hunters LP the Substitute Custodian in this in rem case. By this Order, the Court hereby requires that the Substitute Custodian conduct its recovery operations of the vessel in accordance with the protocol attached as Exhibit A to this Order. In the Court's view, the attached protocol is necessary to ensure that the planned salvage operations preserve and maintain all artifacts, cargo and property and that the Court receives a proper inventory of this property. Therefore, the Court's Appointment of Sea Hunters LP is contingent on their ability to comply with all of the requirements of attached protocol.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 20th day of August, 2012.

COURT EXHIBIT A

**COURT APPROVED WRECK RECOVERY PROTOCOL**

DEFINITIONS

A. Ship's Log shall mean the log maintained by Sea Hunters, L.P. as defined in this Wreck Recovery Protocol, including all receipts for delivery of recovered items to a shoreside secure storage facility.

B. Recovery Vessel shall mean the M/V Sea Hunter or any other vessel(s) used to access or visit the Wreck Site.

C. Wreck Site shall mean the site of the wreckage of the *S.S. Port Nicholson* and its cargo, including associated debris field.

D. Recovery Effort shall mean a single voyage from time of departure from any port to the Wreck Site to arrival at the port where discharge of items recovered from the Wreck Site is completed. In the event no Recoveries are made during a particular Recovery Effort, the voyage shall be deemed completed on arrival at the first port after departure from the Wreck Site.

E. Recoveries shall mean any item recovered from the site of the *S.S. Port Nicholson* and/or from the debris field in the vicinity of the Wreck Site.

F. High Value Items shall include, but not be limited to, items with high intrinsic value such as bullion, precious metals, gemstones or items with high extrinsic value such as valuable artifacts, etc.

G. Claimant, for purposes of this Recovery Protocol only, shall include any party or entity that files a verified statement of right or interest in accordance with Admiralty Rule C(6)(a)(i) in accordance with a court order in District of Maine Docket No. 2:08-cv-00272-GZS.

PROTOCOL

As the Court's Substitute Custodian, Sea Hunters, LP shall submit to the Court as it is developed, a survey and assessment of the wreck site of the *S.S. Port Nicholson.* To the extent practical and financially feasible, the survey/assessment will document the distribution of remains of the shipwreck and its cargo with reference to the primary hull structure of the *In Rem* Defendant vessel (interior and exterior).

Sea Hunters LP will contemporaneously maintain a Ship's Log listing Captain and crew and documenting every search and recovery effort at the Wreck Site and Recoveries made. Sea Hunters will use the Ship's Log to prepare a complete inventory of all Recoveries. This inventory will contain the description, provenience and present location of each item recovered. All recovered items will be stored within the territorial jurisdiction of the Court. Any item recovered which may be a personal effect of *S.S. Port Nicholson* crew member shall be segregated from other recovered items and marked and recorded as "possible personal effects".

The Ship's Log will record any vessel visiting the Recovery Vessel during any recovery effort, the name of its Captain and any person who leaves or joins the Recovery Vessel.

Sea Hunters LP will prepare a publication and/or video documenting and depicting all recoveries and the historical/factual research regarding the *S.S. Port Nicholson* shipwreck and its cargo. These publications or videos may be copyrighted and may be used for both public and private purposes. In all salvage reports, publications and videos, there will be an acknowledgement of this Court's exclusive admiralty jurisdiction and a statement that possession by Sea Hunters LP as the Court's Substitute Custodian is immaterial to the Court's ultimate determination of a salvage award and/or ownership of the recoveries. To the extent that any publication or video is made publicly available, a courtesy copy shall be provided to the Court at the time of publication and any claimant may likewise request a copy be provided to the claimant at the claimant's expense.

Onboard storage, transport and shoreside holding/storage facilities shall be established before any valuable objects are brought into Port so that the objects may be recovered and handled without loss, physical damage or material change/deterioration. All recovered objects of high intrinsic and extrinsic value including, but not limited to, bullion, precious metals, gemstones, etc., will be kept in a locked compartment while on board the recovery vessel, and upon completion of each recovery effort, will be deposited into a secure facility that has adequate loss protection and/or insurance to protect recovered objects on deposit. The names of all personnel handling high intrinsic and extrinsic value Recoveries will be kept for each Recovery Effort.

The name of the shoreside storage facility and insurance limits of the facility shall be provided on a confidential basis to any claimant that requests the facility name and insurance information and agrees to keep the information confidential. In the event there is a dispute with a claimant as to the Substitute Custodian's decisions on security or insurance coverage, the issue may be submitted to the Court.

Within one (1) month of the completion of each Recovery Effort, and as otherwise directed by the Court, Sea Hunters, LP shall file with the Court Periodic Status Reports. Each Periodic Status

Report shall include a description of salvage activities, including a description of the Recovery Vessel(s) or other vessels used in survey and salvage operations, the name of the person(s) in charge of the Recovery Vessel(s) or other vessels used, a description of equipment used to recover items, and a description of each item recovered, or a photograph or photographs generally showing items recovered.

Upon reasonable notice, in writing, Sea Hunters, acting as Substitute Custodian, will make all Recoveries available for inspection by any claimants thereby allowing for verification.

In the event that recovery operations in the vicinity of *the S.S. Port Nicholson* Wreck Site reveal any human remains, the location of the human remains shall be recorded in the Ships Log. Each such discovery shall be reported to the Court as soon as is practicable. In the event human remains are discovered as a result of recovery operations, no video of human remains shall be shared with the general or technical press or posted on the internet pending permission from the Court. In the event any means of identification are found on or in the vicinity of human remains, the remains and associated identification shall be securely stored and the information provided to the Court as soon as practicable. Final disposition of any human remains recovered shall be determined by the Court.

All volumes of the original Ship's Log documenting each search and recovery effort at the Wreck Site and all Recoveries shall be maintained by Sea Hunters until all proceedings in District of Maine Docket No. 2:08-cv-00272-GZS are completed, including any possible appeals.