UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SEA HUNTERS, LP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket no. 2:08-cv-272-GZS |
| | ) | |
| THE UNIDENTIFIED, WRECKED & | ) | |
| ABANDONED VESSEL, | ) | |
| | ) | |
| | ) | |
| In Rem Defendant. | ) | |

**ORDER ON MOTION FOR MORE DEFINITE STATEMENT**

Before the Court is the Motion for More Definite Statement (ECF No. 65) as well as the related Motion to Strike (ECF No. 74). Both motions were filed by Secretary of State for Transport of the United Kingdom ("UK DfT" or "Movant"). As explained herein, the Motion for More Definite Statement is GRANTED and the Motion to Strike is GRANTED IN PART AND DENIED IN PART.

With respect to the request for a more definite statement, there is no genuine dispute in this case that Plaintiff is now operating its salvage of a previously identified site based on information and belief that the vessel is in fact the SS Port Nicholson. In short, the Court cannot see (and Plaintiff has not suggested) that there will be any prejudice from being required to file an Amended Verified Complaint that includes this information. At this juncture, the "particularity" requirements of Admiralty Rules C & E are best served by amending the in rem complaint to include some averment that the vessel is the "SS Port Nicholson" as well as some

description of the alleged cargo Plaintiff believes is on the vessel.[1] By requiring that Plaintiff amend its complaint to allege that the vessel is the "SS Port Nicholson," the Court is not necessarily requiring that the caption be necessarily amended at this time. Rather, the Court's earlier orders allow for Plaintiff to be recognized as a salvor-in-possession even if it is ultimately determined that the vessel found on the described site is some other vessel and not the "SS Port Nicholson."

With respect to the requests to strike, the Court does not find it necessary to strike any portion of the motion papers filed in connection with the pending motion. Nonetheless, the Court does agree with the Movant that issues of sovereign immunity and any related challenges to this Court's subject matter jurisdiction are not properly resolved in the context of a request for a more definite statement. On the current record, the Court is satisfied that it maintains subject matter jurisdiction over this action. To the extent that Plaintiff has used its response to attempt to queue up a final resolution of UK DfT's possible challenge to subject matter jurisdiction, the Court is satisfied that these issues are not yet ripe for resolution and declines to address the arguments presented by Plaintiff.

In accordance with this Order, Plaintiff shall file its Amended Verified Complaint no later than September 17, 2012. Upon filing, the Court expects that UK DfT will answer the Amended Complaint or file a motion to dismiss within 14 days.

SO ORDERED.

       /s/ George Z. Singal  
       United States District Judge

Dated this 20th day of August, 2012.

---

[1] The Court notes that it finds no basis for requiring any additional publication notice based on any amendment of the complaint to include the phrase "SS Port Nicholson" because the prior publication notice included this name even if the Complaint did not. (See ECF No. 15.)