UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

SEA HUNTERS, LP,              )
                              )
        Plaintiff             )
                              )
v.                            )   No. 2:08-cv-272-GZS
                              )
THE S.S. PORT NICHOLSON,      )
Her Tackle, Apparel, Cargo,   )
Appurtenances, and Property, in Rem, )
                              )
        Defendant             )

### ORDER REGARDING PLAINTIFF'S MOTION
### TO RETAIN CONFIDENTIALITY DESIGNATIONS

Pursuant to the parties' Consent Confidentiality Order, plaintiff Sea Hunters, LP ("Sea Hunters") has filed a motion to retain confidentiality designations after it was unable to resolve a dispute with claimant Secretary of State for Transport of the United Kingdom ("UK DfT") over the scope and manner of its designations. *See* Plaintiff's Motion To Retain Confidentiality Designation ("Motion") (ECF No. 235); Consent Confidentiality Order ("Confidentiality Order") (ECF No. 200) ¶ 8. For the reasons that follow, the Motion is denied.

### I. Applicable Legal Standard

Sea Hunters, as the party moving to retain its confidentiality designation, "has the burden to show good cause" for that designation. Confidentiality Order ¶ 8(c). "A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." *Anderson v. Cryovac, Inc*. 805 F.2d 1, 7 (1st Cir. 1986).

### II. Relevant Background

The Confidentiality Order, entered on February 21, 2014, provides that, "[f]or any documents produced prior to entry of this order for which no confidentiality designation was made

1

at the time of production, a party may designate in writing documents it deems confidential within fifteen business days of the date of entry of this order." Confidentiality Order ¶ 2.

On March 12, 2014, pursuant to that provision, Sea Hunters designated nine broad categories of information previously produced in discovery as confidential, including "[a]ll documents prepared by Sea Hunters LP, or by anyone acting on behalf of Sea Hunters, LP, referring or relating to Sea Hunters LP's business activities and/or salvage activities[,]" and "[a]ll documents prepared by Sea Hunters LP, or by anyone acting on behalf of Sea Hunters, LP, referring to or discussing the location, condition and/or cargo of the SS PORT NICHOLSON[.]" Exh. A to Motion.

The same day, the UK DfT objected to the entire designation as noncompliant with the Confidentiality Order, asserting that the designations were so broad that opposing parties could not fairly determine which documents were included, and that they appeared to encompass documents not properly deemed confidential pursuant to that order, for example, documents that had been publicly released. *See* Email dated March 12, 2014, at 6:20 p.m. from Timothy Shusta to Marshall J. Tinkle, contained in Exh. B to Motion.

On March 13, 2014, in response to the objection, Sea Hunters amended its designation to add the proviso that the designation did "not apply to documents that Plaintiff has placed in the public record or that were otherwise in the public domain prior to the discovery phase of this litigation." Exh. A to Motion at 2. On March 14, 2014, the UK DfT again objected, stating that the notice did not cure the deficiencies of which he complained and "place[d] the burden on other parties to try to figure out what documents may have been placed [in] the public record or domain prior to the discovery phase of this litigation[,]" although that was Sea Hunters' burden. Email

dated March 14, 2014, at 6:26 p.m. from Timothy Shusta to Marshall J. Tinkle, contained in Exh. B to Motion.

By letter dated March 18, 2014, Sea Hunters again amended its designation, listing 21 specific documents, discovery responses, and depositions, most with pinpoint citations, as well as two broader groupings of documents: the contents of the notebook of Edward R. Michaud produced at the deposition of January 9, 2014 (Designation No. 22) and all contents of four CDs of Mr. Michaud produced at that deposition (Designation No. 23). *See* Letter dated March 18, 2014, from Marshall J. Tinkle to [Opposing Counsel] (ECF No. 242-1), attached to UK DfT Response to Plaintiff's Motion To Retain Confidentiality Designations ("Response") (ECF No. 242). Sea Hunters retained its previous notice that its designation did not apply to documents already made public. *See id*.

By letter dated March 20, 2014, the UK DfT again objected, stating:

Itemizing the confidentiality designations is helpful in making more precise objections but does not cure the objections of the UK DfT to Sea Hunters' Confidentiality Designations. These designations remain overbroad and outside the categories of documents that may be the subject of a confidentiality designation pursuant to the Consent Confidentiality Order[.]

Letter dated March 20, 2014, from Timothy P. Shusta to Marshall J. Tinkle (ECF No. 242-2), attached to Response.

Specifically, the UK DfT objected to (i) Designation Nos. 1, 6, 22, and 23 on the basis that the documents are publicly available, (ii) Designation Nos. 2-23 on the basis that none of the designated documents fits within the categories of documents that may be designated confidential pursuant to the Confidentiality Order, that is, information protected from disclosure by statute or that should be protected as confidential personal information, trade secrets, personnel records, or commercial information, and (iii) Designations Nos. 22 and 23 on the basis that Sea Hunters failed

to designate specific documents, by bates stamp number in the case of No. 22 and by category and image number in the case of No. 23. *See id*. As to the second category of objections, the UK DfT conceded that bank account numbers, the precise location of the S.S. Port Nicholson, and sonar scans of the Port Nicholson constitute confidential commercial information to the extent not made public, but contended that the designations otherwise remained overbroad. *See id.* at 1-2.

The UK DfT invoked paragraph 8(b) of the Confidentiality Order, requesting that the parties meet and confer regarding his objections. *See id*. at 5. There is no indication that there was any meeting or further communication between the parties prior to April 15, 2014, when Sea Hunters filed the instant motion. *See* Motion. Sea Hunters attached the parties' March 12-14 correspondence to the motion, but not their March 18 and 20 correspondence, which the UK DfT supplied with his response.

### III. Discussion

As the UK DfT notes, *see* Response at 2, Sea Hunters seeks to retain the March 13, 2014, version of its designation, *see* Motion at 6; Exh. A thereto. As the UK DfT points out, *see* Response at 2-3, 9, this version is broadly noncompliant with the Confidentiality Order in at least two key respects: it fails to designate specific documents as confidential and improperly shifts the burden to other parties to determine whether any designated materials are publicly available and, on that basis, non-confidential.

Sea Hunters argues that it has no duty to specifically designate documents or portions of depositions as confidential because (i) to do so "would entail going through literally thousands of pages of documents and deposition transcripts[,]" and "[n]othing in the Confidentiality Order compels such a cumbersome and unduly burdensome procedure[,]" (ii) in any event, all of its documents made available only through discovery should be treated as confidential, and (iii) to

4

the extent that the UK DfT has any documents that the plaintiff has filed with the court or otherwise released to the general public, such documents obviously are not confidential and have been specifically excluded from its confidentiality designation. Motion ¶¶ 23-24.

However, as the UK DfT rejoins, "[t]he designation of broad categories of documents by the plaintiff, in effect, seeks to shift the burden of showing good cause to the other parties by making the other parties guess what is included in the designation and what is not [,]" allowing "Sea Hunters to over designate without satisfying its burden of showing good cause for designations." Response at 2-3.[1]

The Confidentiality Order contemplates specific, rather than blanket, designations, placing the burden on the party seeking protection to make a good-faith determination that the documents it wishes to designate as confidential "contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, trade secrets, personnel records, or commercial information." Confidentiality Order ¶ 3. In its March 13 designation, Sea Hunters failed to follow this procedure. While Sea Hunters did amend its designation on March 18 to specify documents and portions of documents it designated as confidential, it apparently chose not to engage in good-faith discussions with the UK DfT regarding his March 20 objections to the March 18 version of the designation, as required by

---

[1] Even had Sea Hunters properly designated broad categories of information, rather than specific documents, as confidential, the affidavit of Gregory Brooks that it filed in support of its Motion does not demonstrate good cause for the designation of the entirety of the nine broad categories. For example, Brooks states that he believes that there is "a very real danger that if any of Sea Hunters' plans, processes, research, internal communications, mappings, logs, or other records were disseminated beyond the scope of the Confidentiality Order . . ., some other entity or individuals would use that information to find the vessel, appropriate her cargo, or otherwise jeopardize Sea Hunters' operations." Affidavit of Gregory Brooks (ECF No. 236) ¶ 6. He states that treasure salvors are "highly competitive[,]" "the stakes can be very high indeed[,]" and some "are known to be less scrupulous than others." *Id*. However, he does not explain how this justifies making confidential all of Sea Hunters' information produced thus far in discovery that has not been made publicly available.

paragraph 8(b) of the Confidentiality Order and, what's more, retrenched when it filed this Motion to the broader March 13 version of its confidentiality designation, as noted above.

## IV. Conclusion

For these reasons, the Motion is **_DENIED_**.[2]

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 21st day of May, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[2] This ruling does not preclude Sea Hunters from treating as confidential information that the UK DfT has conceded properly is designated confidential.