UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SEA HUNTERS, LP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 2:08-cv-272-GZS |
| | ) |
| S.S. PORT NICHOLSON, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**ORDER ON ALL PENDING MOTIONS & THE ORDER TO SHOW CAUSE**

Before the Court are the following pending items: (1) the February 24, 2015 Order to Show Cause (ECF No. 325) as well as all of the responses thereto (ECF Nos. 327, 328, 330, 332, 334, 336, 337); (2) the Amended Motion by Attorney Tinkle to Withdraw (ECF No. 331); (3) the Motion to Compel by Claimant Secretary of State for the United Kingdom's Department of Transport ("UK DfT") & his Motion for Oral Argument on the Motion to Compel (ECF Nos. 305 & 306); (4) UK DfT's Motion for Additional Discovery (ECF No. 340); and (5) Mission Recovery LLC's Motion for Appointment as Substitute Custodian (ECF No. 342).

**I.  The February 24, 2015 Order to Show Cause (ECF No. 325)**

In its Order to Show Cause, the Court indicated that it was contemplating taking two specific steps: (1) vacating the current appointment of Sea Hunters as Substitute Custodian (Orders Appinting Substitute Custodian (ECF No. 78 (Amended) & ECF No. 8 (Original))) and (2) vacating the arrest of the Defendant Vessel (Order Issuing Arrest Warrant (ECF No. 8) &

Warrant for Arrest (ECF No. 10)).  Once these orders were vacated, the Court indicated that dismissal of this case would then follow.

Having reviewed all of the parties' filings since the Order to Show Cause, it is abundantly clear that all parties to this case agree that Plaintiff Sea Hunters, LP ("Sea Hunters") can no longer serve as substitute custodian and that Sea Hunters is no longer able to salvage any additional portions of the arrested vessel or its cargo.  Finding no good cause to avoid or delay the two specific steps listed in the Order to Show Cause, the Court hereby VACATES its Orders of August 25 & 26, 2008 and August 20, 2012 (ECF Nos. 8, 10 & 78).  In accordance with this ruling, Sea Hunters LP is no longer entitled to hold the items that it possessed solely as a result of its role as substitute custodian.  Therefore, the Court hereby ORDERS that Sea Hunters return the "six metal pieces" that it originally presented with its Complaint as well as the inventoried items listed in Exhibit B to the December 6, 2013 Status Report (ECF No. 178-2) to the United States Marshals Service no later than the close of business on April 7, 2015.  The United States Marshals Service is hereby ORDERED to maintain these items pending further order of this Court.

In its Response to the Order to Show Cause (ECF No. 328), Sea Hunters has indicated its consent to a dismissal of its Complaint but has asked that any such dismissal be without prejudice. The Court finds no good cause for a dismissal without prejudice.  Rather, the Court finds that Sea Hunters' actions in this case, including the filing of falsified documents on this Court's docket and its inability to salvage any items of substantial value since filing this case in August 2008, warrants a dismissal with prejudice thereby requiring Sea Hunters to forfeit any right to a salvage award or any ability to reassert salvage rights at this location in the future.  Therefore, the Court hereby ORDERS that Sea Hunters' claims shall be DISMISSED WITH PREJUDICE although the Court retains jurisdiction over Sea Hunters in order to ensure its compliance with this Order.

## II. The Amended Motion by Attorney Tinkle to Withdraw (ECF No. 331)

Having fully considered the representations in the Amended Motion to Withdraw and the objections lodged by UK DfT (ECF No. 339), the Court RESERVES RULING on the Amended Motion to Withdraw. However, once the items that are held by Sea Hunters as substitute custodian have been turned over to the United States Marshals Service in accordance with this Order, Attorney Tinkle shall notify the Court and the Court will then grant his Amended Motion to Withdraw.

## III. Mission Recovery LLC's Motion for Appointment as Substitute Custodian (ECF No. 342)

By way of its responsive filings to the Order to Show Cause (ECF Nos. 327, 336 & 337) and the recently filed Motion for Appointment as Substitute Custodian (ECF No. 342), Mission Recovery, LLC ("Mission Recovery") seeks to avoid termination of this case by arguing the case can continue in the absence of Sea Hunters because Mission Recovery is ready, willing, and able to fulfill the role previously played by Sea Hunters.

Recently, significant questions have been raised with respect to the Court's continuing exercise of constructive *in rem* jurisdiction in this case. See, e.g., R.M.S. Titanic, Inc. v. Haver, 171 F.3d 943, 964 (4th Cir.1999) ("The propriety of exercising *in rem* jurisdiction over an entire ship wreck within the court's territorial jurisdiction when only part of that wreck is actually presented to a court rests upon the fiction that the *res* is not divided and that therefore possession of some of it is constructively possession of all."). Specifically, while the Court approved the arrest of an identified vessel based on six pieces of metal in August 2008, the record now calls into

question the legitimacy of that arrest and the value of any future salvage efforts. With respect to Mission Recovery, it has neither salvaged any property from the S.S. Port Nicholson and brought the property into this district, nor caused the arrest of the S.S. Port Nicholson *in rem*. As a result, the Court concludes that Mission Recovery has no maritime lien or basis to proceed as the sole Plaintiff against the S.S. Port Nicholson at this time.

When this Court allowed Mission Recovery to intervene in this action it did so in part based on the recognition that "Mission Recovery cannot salvage the Port Nicholson unless it succeeds in challenging this court's appointment of Sea Hunters as substitute custodian of the vessel." See Order on Mot. to Intervene (ECF No. 161) at 7. The actions taken by the Court via this Order certainly clear away this impediment to Mission Recovery proceeding with its own salvage efforts. However, it does not magically make Mission Recovery a salvor-in-possession. Rather, as repeatedly and correctly asserted by UK DfT, Mission Recovery is entitled to seek protection from the Court if and when it perfects its own maritime lien against the *in rem* Defendant. See, e.g., UK DfT Reply (ECF No. 333) at 4-8. A new standalone *in rem* action is the best method for Mission Recovery to seek such protection.

Mission Recovery expresses concern that a "free-for-all" will result if the Court refuses to continue its exercise of constructive *in rem* jurisdiction over the site where the S.S. Port Nicholson apparently rests. (Mission Recovery Response (ECF No. 327) at 4.) However, to-date, the record in this case demonstrates the significant probability that "there is no valuable cargo to salvage" at this site and that all that remains for salvage is "70 year old truck tires, fenders, and miscellaneous other parts and military supplies." (UK DfT Reply (ECF No. 337) at 2-3.) Thus, the Court has no expectation that a "free-for-all" will ensue.

Therefore, the Court hereby DENIES Mission Recovery's Motion for Appointment as Substitute Custodian (ECF No. 342) and, in light of the other rulings contained in this Order, DISMISSES Mission Recovery's Intervenor Complaint (ECF No. 162) without prejudice to Mission Recovery re-filing its Complaint when and if it obtains a maritime lien for its salvage services.

### IV. The Various Pending Motions of UK DfT (ECF Nos. 305, 306, 340)

Finally, the Court must address the various motions by UK DfT by which the Secretary seeks to pursue some remedy for an alleged fraud on this Court. UK DfT had participated in this matter since August 11, 2009, when it entered a restricted appearance as allowed under Supplemtnal Rule E(8) (ECF Nos. 26 & 27). As explained in China Nat. Chartering Corp. v. Pactrans Air & Sea, Inc., 882 F. Supp. 2d 579, 593-94 (S.D.N.Y. 2012),

> Rule E(8) of the Supplemental Rules states a very important principle. It provides that an appearance to defend against an admiralty and maritime claim with respect to which there has issued process *in rem*, or process of attachment and garnishment, may be expressly restricted to the defense of such claim, in which case the appearance is not an appearance for the purposes of any other claim with respect to which such process is not available or has not been served. . . . [T]he purpose of Supplemental Rule E(8) [is] to avoid the result that, in order to defend against an admiralty and maritime claim with respect to which process has issued *in rem* ... the claimant ... must subject himself personally to the jurisdiction of the court."

Id. at 593-94 (internal citations and quotation omitted). At this juncture, without any salvor-in-possession, there is no pending claim which UK DfT must defend against. To the extent that it has made multiple filings asserting that it wishes to pursue discovery and sanctions against Sea Hunters because it believes it was the victim of a fraud, any such claim can be pursued via an actio in which UK DfT enters a general appearance and can add other individuals who were allegedly involed in this fraud. See, e.g., 28 U.S.C. § 1332(a)(4). Thus, the Court, exercising its discretion and recognizing its inherent powers, finds no good cause for continuing this case solely to allow

5

UK DfT, a claimant here via a restricted appearance, to pursue discovery and further motion practice as outlined in the Motion to Compel (ECF No. 305), the Motion for Additional Discovery (ECF No. 340) and the Response to Motion to Withdraw as Attorney of Record (ECF No. 339).[1] The Court notes that given its decision to dismiss Sea Hunters' claims with prejudice and its anticipated allowance of Attorney Tinkle's withdrawal, Sea Hunters would have no way of responding or objecting to the discovery UK DfT now seeks to pursue in the context of this admiralty case. Therefore, the pending Motions of UK DfT shall be DENIED as MOOT.

## V.  CONCLUSION

As explained herein, the February 24, 2015 Order to Show Cause (ECF No. 325) is DISMISSED. The Orders of August 25 & 26, 2008 and August 20, 2012 (ECF Nos. 8, 10 & 78), which appointed Plaintiff Sea Hunters LP as a substitute custodian and salvor-in-possession, are hereby VACATED. Sea Hunters' Complaint is hereby DISMISSED with prejudice. The Court RESERVES RULING on the Amended Motion by Attorney Tinkle to Withdraw (ECF No. 331) pending confirmation that all items held by Sea Hunters LP as substitute custodian have been provided to the United States Marshals Service.

Mission Recovery's Motion for Appointment as Substitute Custodian (ECF No. 342) is DENIED and Mission Recovery's Intervenor Complaint (ECF No. 162) is DISMISSED without prejudice.

---

[1] To the extent UK DfT has sought to analogize this case to JTR Enterprises, LLC v. An Unknown Quantity of Emeralds, Etc., S.D. Fla. Case No. 4:11-cv-10074, the Court notes that it appears that the claimant who unsuccessfully sought sanctions in that case, Motivation, Inc., had not entered such a restricted appearance. See JTR Enterprises, LLC v. An Unknown Quantity of Emeralds, Etc., S.D. Fla. Case No. 4:11-cv-10074, Opinion & Order Denying Sanctions (S.D. Fla. March 16, 2015) (slip opinion provided at ECF No. 339-2) & Motivation, Inc's Verified Statement of Claim (ECF No. 10 in S.D. Fla. Case No. 4:11-cv-10074).

UK DfT's Motion to Compel & Motion for Oral Argument on the Motion to Compel (ECF Nos. 305 & 306) as well as UK DfT's Motion for Additional Discovery (ECF No. 340) are DENIED as MOOT.

The Clerk is directed to prepare the necessary paperwork to effectuate the change in custody from the previously appointed Substitute Custodian to the United States Marshals Service. Once the United States Marshals Service confirms that it has taken custody of the salvaged items located in the District of Maine, the Court anticipates issuing an additional order directing the entry of final judgment. However, the Court also anticipates retaining jurisdiction for the sole purpose of making a final determination as to the disposal of the items brought into the actual *in rem* jurisdiction of this Court and then held by the United States Marshals Service in accordance with this Order.

SO ORDERED.

                                                /s/ George Z. Singal
                                                United States District Judge

Dated this 1st day of April, 2015.